## STUTZ v WILHELM, Exr, etc.

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9112. Decided Jan 21, 1929

Turney & Sipe, Cleveland, for Stutz.

Teradway & Marlatt, Cleveland, for Wilhelm.

Judges MIDDLETON and MAUCK of the Fourth District and FARR of the Seventh District sitting.

FARR, J

To each of plaintiff's first four amended petitions, defendant filed a motion to make more definite and certain, which motions were sustained. To plaintiff's fourth and fifth amended petitions the defendant filed motions to strike from the files for plaintiff's failure to comply with the orders of the court theretofore made by sustaining the motions to make definite and certain, and while the principal question here is the right of the trial court to strike from the files as above stated, yet it should be observed in passing that the trial court properly sustained the motions to make more definite and certain which is readily apparent from a reading of the petitions, and having done so it is sufficient to say without a further recital of facts that the trial court was not in error in sustaining the motions to strike the fifth amended petition from the files, because no petition yet filed states a cause of action; the controlling principle is announced in **Harrison vs. Knight, 19 C. C. (NS) 457,** the syllabus as follows:

"The right to strike pleadings from the files because of the failure or refusal of the parties filing them to comply with orders made in respect thereto, is inherent in the courts, and it is no valid objection to the exercise of this right that the pleading ordered stricken off states a cause of action or a good defense."

There are also pertinent and helpful observations in the opinion of the court in the above case at page 459. Another case of interest in this connection, and somewhat similar as to facts, is **Poplowsky Plumbing Co vs Rosenstein, 19 Cir. Ct. (NS) 387,** where it is held as follows:

"A court is not required to pass upon the same matter more than once; hence there is no error in striking from the files a second motion to vacate a default judgment identical with one overruled five days before."

This determines the real question at issue; that is to say that the trial court committed no error in striking the fifth amended peition from the files, nor was it in error in sustaining the motions to make more definite and certain the preceeding petitions, the reasons for which are obvious without a recital of the allegations thereof.

For the reasons given, the judgment is affirmed.

Middleton and Mauck, JJ, concur.